The opinion of the Court was delivered by
Duncan, J.
The authority of this Court to take bail on a wrjt Df errOT) js unquestionable.; indeed the power was exclusively inherent in the- Supreme Court, until it was split into districts ; and when they were multiplied, the public convenience required, and the Legislature deemed it expedient, to grant a concurrenfpower to the Judges of the Court of Common Pleas of the county to which the writ was directed. But this was,not an exclusive substitution. The act of the 11th March, 1809, does not take away the power of this Court by any express negative words, nor by any words of negative import. That the power is concurrent, has been the construction which has certamly been given to the act, and such has been the usage in all the districts. The recognisances of bail are taken in the Supreme Court or by the commissioners of bail,-or by one of the Judges of the Common Pleas of the proper county, as suits the convenience of the the party suing out the writ. The only point to be considered is, whether a scire facias, on a recognisance of bail on a writ of error issuing from this Court to the District Court, entered into in this Court, will lie here on the affirmance of judgment?”
A scire facias, though, in some Respects, considered as a new action, yet is a judicial writ, founded on a judgment or a recognisance. The condition is incorporated with the. recognisance, and not by way of defeasance ; they form but one record, and must, therefore, be stated in the scire facias, which must also state the affirmance of the judgment, to shew that the bail have become liable. Now if nul del record were pleaded to the scire facias, the plaintiff must fail. 2 Tidd’s Frac. 999. Under the act of 1722, when the Supreme Court affirmed the judgment of the Common Pleas, the record remained, with them, as it does in the King’s Bench on the affirmance of a judgment of the Court of Common Pleas ; and this Court carried into effect its own judgment by its own authority. But the act of 11th March, 1809, directs a different course of proceeding. It provides “ that as soon as the Judges of the Supreme Court shall have finally determined and rendered judgment in any cause, action, matter, or thing, which shall have been transferred to, or which may be brought there *575 by appeal, or writ of error, they shall order the records thereof, with their decision, determination, or judgment, thereon written, and duly certified, to be remitted to the appropriate Court of the proper county, which decision, determination, or judgment, such Court shall duly carry into effeet and execution.” The act further directs, that the recogsance of bail, when taken by a Judge of the Common Pleas, shall be duly certified and transmitted with the record, so that the recognisance transmitted becomes a record of the Court, and is, on the affirmance of the judgment, remitted to the Common Pleas. There is no .distinction between the Court of the Eastern District, (which now possesses original jurisdiction in the city and county of Philadelphia, but not in the other counties composing the District,) and the other Districts of this Court, who do not possess original jurisdiction ; the provision pervades all; the record is remitted in all. From the nature of the proceeding and the form, of the writ, the scire facias must be brought in that Court where the record remains; for the writ, after stating the proceedings in the suit on which the bail became liable, always contains the averment, “ as by the said record and proceeding therein remaining in our said Court, manifestly appears.” The act of 13th April, 1791, establishing the Judicial Courts under the Constitution, provided, that “ when the High Court of Errors and Appeals shall reverse or affirm any judgment of the Supreme Court, the record and proceedings, in all things concerning the same, shall be remitted into the Supreme Court, that such proceedings may be had thereon, as well for execution or otherwise, as justice shall appertain.” I have inquired into the practice on the affirmance of a judgment of the Supreme Court, and find that the scire facias against bail in error issued from- the Supreme Court. The gentleman who was then the prothonatory of this Court, whose experience and intelligence all who know him will acknowledge and respect, framed and adapted this writ to the provisions of the law. It states the whole proceedings, the judgment of the Supreme Court, the removal to Court of Errors and Appeals by writ of error, the affirmance of-the judgment, and the remitting the record, “as by the record and proceedings thereof according to the form of the act of assembly, before our said Supreme Court remitted, manifestly appears.” ' See writ of scire facias, Robert Gilchrist v. Henry Henderson and ano *576 ther, December Term, 1798, No. 105. The records themselves are not transmitted to the House of Lords, but only transa scripts. On the affirmance of the judgment, the transcript is remitted to the King’s Bench, there to be carried into executi0n. There remained no record here, after the mandate of the Court remitting the record. A member of it could not be detached from the body, and still remain here. The scire facias states that the whole proceeding remains here. On nal tiel record of the affirmance of the judgment, how could the record of the proceedings and judgment be brought in and tried by the Court ? There must have been a judgment against the plaintiff; he set.it out as a record of this Court. A rule is granted to bring in the record; he hath day to bring it in. Proclamation is made in Court for him to bring forth the record by him in pleading alleged, or .else he shall be condemned ; and, on his failure, his antagonist should have judgment. Here the plaintiff must have failed to bring in the record. If it had been the judgment of any other Court of this District than the one of this city and county, no action could have been sustained here. This case is brought before this Court by consent of parties, without relation to the pleadings, on a verdict taken for the plaintiff, with an agreement that if the Court should be of opinion that the action could not be supported, judgment of non suit was to be entered ; and the Court being of opinion that the scire facias on the recognisance, could only issue in the District Court, judgment of nonsuit is accordingly entered. It may be proper to observe, that there is no occasion to sue out execution on the judgment, in order to charge the bail, as a render of the body would not excuse the bail, nor any thing but a release or satisfaction of the judgment, satisfy the condition of the recognisance.
Judgment of non suit. ■